## CITY OF TROY v McMASTER

Docket No. 84176. Submitted February 6, 1986, at Lansing. Decided
September 9, 1986.

William D. McMaster was charged in district court with driving
on a suspended license in violation of a section of the Troy City
Code. Following a trial, McMaster was convicted and sentenced.
The Oakland Circuit Court, Charles R. Anderson, J., affirmed.
Defendant appeals by leave granted.

The Court of Appeals *held:*

1. The trial court did not err in admitting into evidence a
Secretary of State document which included reference to defen-
dant's prior arrests and convictions. The document was prop-
erly admissible as material and competent proof of the ele-
ments of the offense charged.

2. The trial court did not err in refusing to instruct the jury
that failure to present a license on demand is a lesser included
offense of driving with a suspended license.

3. The case must be remanded because of the trial court's
having subsequently exercised its jurisdiction to set aside the
suspension of McMaster's driver's license.

Affirmed and remanded for further proceedings.

1. EVIDENCE — APPEAL — PRESERVING QUESTION.
   Failure to object at trial to the admission of evidence precludes
   appellate review absent manifest injustice (MRE 103[a][1]).

2. EVIDENCE — APPEAL — PRESERVING QUESTION — GROUNDS FOR
   OBJECTION.
   Failure to state the precise ground or grounds for objection to the
   admission of evidence precludes appellate review of the admis-
   sion of the evidence absent manifest injustice (MRE 103[a][1]).

3. EVIDENCE — FAILURE TO OBJECT — TRIAL.
   A court is not required to weigh the probative value of evidence

### REFERENCES

Am Jur 2d, Appeal and Error §§ 545 *et seq.*

Am Jur 2d, Trial §§ 876-882.

Modern status of law regarding cure of error, in instruction as to
one offense, by conviction of higher or lesser offense. 15 ALR4th
118.

against the potential prejudicial effect of its admission where no proper objection to the evidence is raised.

4. EVIDENCE — PRIOR BAD ACTS.

A defendant who raises the issue of his own prior bad acts waives any claim of error as to the introduction of evidence relating to those acts.

5. CRIMINAL LAW — LESSER INCLUDED OFFENSES.

In order for a lesser offense to be included within a greater offense (1) the lesser offense must be in the same class or category or closely related so as to give notice to defendant, (2) the lesser and greater offenses must demonstrate overlapping elements and common statutory purpose, (3) the evidence must be examined to determine whether it would support a conviction of the lesser offense, and (4) the instructions to the jury on lesser included offenses must recognize both prosecution and defense theories of the case.

6. CRIMINAL LAW — FELONIES — JURY INSTRUCTIONS — LESSER INCLUDED OFFENSES.

A requested instruction on a lesser included felony offense must be given if, had the defendant been originally charged only with the lesser offense, the evidence adduced at trial would have supported a verdict of guilty on that charge.

7. CRIMINAL LAW — MISDEMEANORS — JURY INSTRUCTIONS — LESSER INCLUDED OFFENSES.

A more flexible approach to lesser included offense instructions exists for misdemeanors than for felonies; whenever an adequate request for an appropriate misdemeanor instruction is supported by a rational view of the evidence adduced at trial, the judge must give the requested instruction unless to do so would result in a violation of due process, undue confusion, or some other injustice.

*Debra A. Christen,* Assistant City Attorney, for appellee.

*Kemp, Klein, Endelman & Beer, P.C.* (by *John A. Anderson* and *James C. Steffl*), for defendant.

Before: ALLEN, P.J., and HOOD and R. C. LIVO,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Per Curiam. Defendant William McMaster appeals by leave granted from a circuit court order affirming his district court jury conviction for driving with a suspended license. Defendant appeals from his conviction by arguing that the court erred in allowing into evidence a Secretary of State document which referred to his prior arrests and convictions. The second issue raised by defendant on appeal is that the court erred in failing to instruct the jury that driving without a license is a lesser included offense of driving with a suspended license.

Defendant's license was suspended following a Secretary of State appeal hearing following the automatic suspension of his license for failure to take a Breathalyzer test. Suspension was for the period of February 14, 1984, through February 15, 1985, and notice of the suspension was sent by mailing the denial of McMaster's appeal to his last known address. On April 23, 1984, defendant was stopped by a police officer while driving a motor vehicle and asked to present his license. Defendant produced his license and the officer, after checking and finding that defendant's license was suspended, proceeded to arrest and charge him with driving on a suspended license, a violation of Chapter 106, § 5.62a(1) of the Troy City Code.

At trial, the city introduced a certified Secretary of State document which stated the suspended status of McMaster's license and had attached to it a copy of the Secretary of State hearing officer's decision as to the earlier appeal of the suspension of defendant's driver's license. The attachments included a sworn statement of the hearing officer that the notice of the decision had been mailed to defendant at his last known address. The court, over the objection of defendant, allowed the document into evidence, citing MRE 803(8).

At the time of instructing the jury, defendant requested that the court instruct the jury that failure to display a license on demand (a violation of Troy City Code, Chapter 106, § 5.63) was a lesser included offense of driving with a suspended license. The trial court refused to include such an instruction, ruling that the penalties of the two offenses, being identical, precluded instructing the jury that no license in possession was a lesser included offense of driving on a suspended license.

Defendant was found guilty of the offense of driving with a suspended license and was sentenced to serve fifteen days in jail and to pay a fine of $100. Following the affirmance of McMaster's conviction by the circuit court, this Court granted defendant leave to appeal on April 15, 1985.

*Was the admission of the Secretary of State document which included reference to defendant's prior arrests and convictions error?*

Defendant argued at trial that the Secretary of State document is inadmissible as hearsay. The trial court overruled defendant's objections and allowed the document into evidence, as an exception to the hearsay rule under MRE 803(8). On appeal, defendant has raised the issue of the prejudicial effect of allowing the jury to see evidence of his prior convictions. Failure to object at trial to the admission of evidence constitutes a waiver of the appellate challenge to the evidence. *Taylor v Lowe,* 372 Mich 282; 126 NW2d 104 (1964). This rule applies even though there is an objection at trial to the admission of the evidence on grounds other than those stated on appeal. "Evidentiary objections must be specific and state the precise ground or grounds for the objection. Failure to state the proper reason precludes appellate review

unless there is manifest injustice. MRE 103(a)(1)."
*People v Watts,* 145 Mich App 760, 764; 378 NW2d
787 (1985), lv den 424 Mich 889 (1986).

It is the defendant's burden to show affirma-
tively that he was denied a fair trial by the
admission of the Secretary of State document.
*People v Chartrand,* 73 Mich App 645; 252 NW2d
569 (1977), lv den 400 Mich 848 (1977). Defendant
argues that the fact that the jury deliberated for
more than two hours manifests the harmful error
of admitting this document. The Court finds this
argument to be unsupported by any evidence and
cannot therefore conclude that the length of time
a particular jury takes to deliberate is of any
consequence in determining error. Furthermore,
defendant himself apprised the jury of his prior
confrontations with the law enforcement system.
Under these circumstances, manifest injustice has
not been shown to exist with respect to admission
of this document into evidence.

Defendant next argues that evidence of prior
offenses is only admissible to show a defendant's
motive, intent, scheme, plan or system, or lack of
mistake or accident. MCL 768.27; MSA 28.1050.
However, MRE 404(b) supersedes the statute and
provides:

> Evidence of other crimes, wrongs, or acts is not
> admissible to prove the character of a person in
> order to show that he acted in conformity there-
> with. It may, however, be admissible for other
> purposes, such as proof of motive, opportunity,
> intent, preparation, scheme, plan, or system in
> doing an act, knowledge, identity, or absence of
> mistake or accident when the same is material,
> whether such other crime [sic], wrongs, or acts are
> contemporaneous with, or prior or subsequent to
> the crime charged.

MRE 404(b) absolutely bars the admission of

prior bad acts when the only purpose of the evidence is to prove the defendant's criminal character. The rule also provides a nonexclusive list of when a defendant's bad acts are admissible. The general rule is that evidence of other crimes is inadmissible because it is irrelevant to a defendant's guilt but increases the chances of conviction because it tends to depict the defendant as an habitual criminal. An examination of the purpose for admitting the Secretary of State document is crucial.

> Whenever a question is made upon the admission of evidence, it is indispensable to consider the object for which it is produced, and the point intended to be established by it. . . . It frequently happens that an item of proof is plainly relevant and proper for one purpose, while wholly inadmissible for another, which it would naturally tend to establish. And when this occurs the evidence, when offered for the legal purpose, can no more be excluded on the ground of its aptitude to show the unauthorized fact, than its admission to prove such unauthorized fact can be justified on the ground of its aptness to prove another fact legally provable under the issue. [*People v Doyle,* 21 Mich 221 (1870).]

The purpose of the Secretary of State document was twofold: (1) to show that McMaster's license was suspended on April 23, 1984, and (2) to show that McMaster was notified of his suspension as prescribed by statute. To prove the offense charged, the prosecution would necessarily have to demonstrate that defendant's license was in fact suspended and that he had been notified of that suspension in compliance with provisions of Chapter 106, § 5.62a of the Troy City Code and the comparable state statute, MCL 257.311; MSA 9.2011.

At trial, defendant argued that he was unaware that his license had been suspended. Assuming that only evidence admitted for purposes listed in MRE 404(b) is permissible, the Secretary of State document was properly admitted to show that defendant's license was suspended and that defendant had knowledge of such suspension. Although defendant alleged that he did not have knowledge of the license suspension, the jury found the evidence of the prosecution more credible than defendant's testimony on this issue and found defendant guilty of driving with a suspended license.

Here, the record does not reflect that the trial judge exercised his discretion in weighing the probative value of the evidence against the potential prejudicial effect of such admission, since no objection on this basis was raised at trial. The trial court is not required to apply the balancing test where no proper objection to the evidence has been made, *People v Florida,* 61 Mich App 653; 233 NW2d 127 (1977), lv den 394 Mich 830 (1975), as "[w]here the trial judge's discretion has not been invoked, there can be no abuse of that discretion, and consequently no error." *People v Jones,* 44 Mich App 633, 638; 205 NW2d 611 (1973). Absent a showing of manifest injustice, there can be no reversal. *People v Hudgins,* 125 Mich App 140; 336 NW2d 241 (1983).

Here, the defense sought to inject evidence regarding McMaster's prior arrest as part of the trial strategy. The jury was repeatedly informed of defendant's prior offenses by defendant's own testimony and argument. Where a defendant raises the issue of his prior bad acts, he has waived any claim of error. See *People v Stanton,* 97 Mich App 453; 296 NW2d 70 (1980); *People v Williams,* 84 Mich App 226; 269 NW2d 535 (1978), lv den 409 Mich 872 (1980). Defendant has waived his right to

claim error in the admission of the Secretary of State document by his failure to enter the proper objection at trial and by his voluntary injection of the issue of his prior arrests into the trial. Even if the issue had been properly preserved the document was properly admissible as material and competent proof of the elements of the offense charged.

*Was McMasters denied a fair trial because the jury was not instructed that failure to present a license on demand is a lesser included offense of driving with a suspended license?*

Defendant asserts that driving without a license is a cognate lesser included offense of driving on a suspended license. To determine whether the trial court erred in failing to so instruct the jury, an examination of the law of lesser included offenses is necessary.

The guidelines set forth in *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975), set forth certain elements necessary for a qualification as a lesser included offense: (1) the lesser offense must be in the same class or category or closely related so as to give notice to the defendant; (2) the lesser and greater offense must demonstrate overlapping elements and common statutory purpose; (3) the evidence must be examined to determine whether it would support a conviction of the lesser offense; and (4) the instructions to the jury on lesser included offenses must recognize both prosecution and defense theories of the case.

In this instance, defendant is charged with violation of Chapter 106, § 5.62a of the Troy City Code, which is analogous to MCL 257.904 *et seq.;* MSA 9.2604 *et seq.,* and which provides:

(1) A person whose operator's or chauffeur's

license or registration certificate has been suspended or revoked and who has been notified, as provided in section 212 of the act, of the suspension or revocation . . . and who drives a motor vehicle on the highways of this state . . . while the license or registration certificate is suspended or revoked is guilty of a misdemeanor and, upon conviction, shall . . . be punished by imprisonment for a period of not less than 3, but not more than 90, says [sic] and, in addition, a fine of not more than $100.00 may be imposed.

\* \* \*

(4) The department, upon receiving a record of conviction of a person upon a charge of unlawful operation of a motor vehicle while the license of the person is suspended, revoked or denied, . . . shall immediately extend the period of the first suspension or revocation of an additional like period or, if a period has not been determined, then for not less than 30 days, but not more than 1 year.

Thus, the elements of driving on a suspended license are: (1) that the defendant's license has been suspended; (2) that the defendant has been notified of the suspension; and (3) that the defendant operated a motor vehicle on a public highway while his license was suspended.

Section 5.63 of the Troy City Code, analogous to MCL 257.311; MSA 9.2011, reads as follows:

(1) Every driver shall have his or her operator's or chauffeur's license in his or her immediate possession at all times when driving a motor vehicle and shall display the license on demand of any police officer.

(2) The violation of this section is punishable as a misdemeanor.

A violation of this section is accomplished by

either (1) failing to possess a license while driving a motor vehicle or (2) failing to display the license on demand of any police officer.

Defendant McMasters has contended that a violation of § 5.63 is a lesser included offense of § 5.62a. A person may be in violation of § 5.63 by failing to have his or her license in possession while driving but also by failing (or refusing) to produce the license on demand. Section 5.62a is intended to punish drivers who ignore the restrictions of a suspended or revoked license and proceed to drive regardless of those restrictions. The only common element of the two sections is that of driving a motor vehicle. Furthermore, there is no inherent relationship between the two such that they would protect the same interests. *People v Stephens,* 416 Mich 252; 330 NW2d 675 (1982). Driving on a suspended license carries a relatively severe punishment of a mandatory three-day jail term and extension of the suspension. This punishment is intended to inhibit such persons from continuing to drive. Section 5.63 contemplates punishment of a milder form, and is intended for punishment of licensed drivers and also of persons who also have never obtained a license. It is an extension or continuation of the licensing requirements enacted to insure safe and proper operation of motor vehicles on the highways by requiring persons who wish to drive to demonstrate certain capacities such as training in operation of a vehicle, knowledge of traffic laws, and certain physical and mental abilities. One possessing and showing a license could be identified as a person who has completed at least those initial requirements and is indicative of only those capacities. Merely carrying a license does not prove that one's own license is not suspended. The two provisions of the code are each derived with a different purpose in mind

and are not inherently related by protecting the same interest.

Secondarily, to require the instruction as a lesser included offense, the evidence must be adduced to support a conviction of the lesser offense. *People v Jones, supra.*

> In determining whether the instruction should be given, the trial court should consider whether, if the defendant had been originally charged only on the lesser offense, the evidence adduced at trial would have supported a guilty verdict on that charge. If it would have, the requested instruction must be given. [*People v Chamblis,* 395 Mich 408, 423; 236 NW2d 473 (1975).]

The Supreme Court has recently qualified this statement by stating that the requested misdemeanor instruction must be "supported by a rational view of the evidence adduced at trial." *People v Stephens, supra,* pp 252, 255.

Here the evidence was undisputed that McMaster had possession of his license on April 23, 1984, and that he displayed it to Officer Livingston on demand. Under these circumstances, it would be impossible for the jury to find McMaster guilty of a violation of § 5.63. Accordingly, an instruction as to § 5.63 was properly refused.

*Conclusion.*

In summary, the trial court did not err in admitting the Secretary of State document into evidence. The trial court properly refused to instruct the jury that driving without a driver's license in one's possession was a cognate lesser included offense of driving on a suspended license. The trial court's decision is affirmed and, noting defendant's motion to remand because of the trial court's having subsequently exercised its jurisdiction to

set aside the suspension of his driver's license, the case is remanded for further proceedings consistent herewith.

Affirmed and remanded for further proceedings.