# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 17, 2020

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

159715

DENNIS LEE TOMASIK,
          Plaintiff-Appellant,

v

STATE OF MICHIGAN,
          Defendant-Appellee.

SC: 159715
COA: 343453
Court of Claims: 17-000264-MZ

_____/

On order of the Court, the application for leave to appeal the April 25, 2019 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

McCORMACK C.J. (*concurring*).

I concur in the order denying leave to appeal but write separately to highlight the troubling—and perhaps unforeseen by the Legislature—outcome in this case. In 2015, this Court reversed the plaintiff's convictions for first-degree criminal sexual conduct and remanded for a new trial because the trial court had committed an evidentiary error by admitting a video recording of the plaintiff's police interview and that error rose to the level of plain error. *People v Tomasik*, 498 Mich 953 (2015). The plaintiff had also sought relief based on a claim of new evidence, but this Court did not address that claim because we granted relief on the evidentiary error. *Id.* (stating that "[i]n light of this disposition, we decline to address the other issues presented in our order granting leave to appeal").

After being acquitted by a jury following his new trial, the plaintiff sought compensation under the Wrongful Imprisonment Compensation Act (WICA), MCL 691.1751 *et seq.* The Court of Claims granted summary disposition to the state, and the Court of Appeals affirmed on the ground that the plaintiff's convictions had not been reversed on the basis of new evidence under MCL 691.1755(1)(c).

While I tend to agree with the Court of Appeals that the statutory language does not entitle this plaintiff to compensation, I question whether this result is consistent with the Legislature's intent. In enacting the WICA, the Legislature intended wrongly incarcerated individuals to seek compensation when their convictions are voided and they are exonerated of all charges on the basis of new evidence. If the sole basis for the plaintiff's claim was that he is entitled to compensation because of the trial court's evidentiary error, I would agree that the Legislature did not intend to provide for compensation under such circumstances.

But here, there's more: as noted, the plaintiff sought relief based on the evidentiary error *and* new evidence. Had he brought only the new-evidence questions to this Court, and not the other trial errors, he'd likely be eligible for WICA compensation. Yet because his trial was unfair for reasons in addition to that it did not include the new evidence, he's out of luck? Under these unique circumstances, I encourage the Legislature to consider whether it intended to exclude individuals such as the plaintiff— call them "new evidence plus-ers"—from the WICA.

CAVANAGH, J., joins the statement of MCCORMACK, C.J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 17, 2020



Clerk

s0114