# Order

Michigan Supreme Court
Lansing, Michigan

May 28, 2021

Bridget M. McCormack,
Chief Justice

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch,
Justices

161243

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v                                                         SC: 161243
                                                          COA: 339020
                                                          Monroe CC: 16-243183-FH

SHANE JEREMY HAWKINS,
        Defendant-Appellant.

_____/

On May 5, 2021, the Court heard oral argument on the application for leave to appeal the March 3, 2020 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.305(H)(1). In lieu of granting leave to appeal, we REVERSE in part the judgment of the Court of Appeals. The Court of Appeals correctly held that the police detective's testimony in this case was improper. However, the Court of Appeals erred by holding that there was not a reasonable probability that the outcome of the trial would have been different had trial counsel objected to its admission.

In this case, the prosecution called a police detective who testified that he had years of experience investigating child sexual assault cases, that he was trained in forensic interviewing of child sexual assault complainants, and that he had conducted hundreds of such interviews over the course of his career. The detective then testified that the complainant's demeanor during her interview was consistent with that of a typical child sexual assault victim and that, given his specialized training, the complainant's testimony "seemed authentic to [him]." In addition, the detective testified that he tried but was unable to find inconsistencies in the complainant's allegations, stating, "[I]f I can't prove that [the abuse] didn't happen, then there's a good possibility that it did," seemingly shifting the burden of proof to defendant to prove his innocence. The detective also testified that, on the basis of his investigation, he found defendant's suggestion that the complainant made up the abuse allegations to get her father's attention to be "[n]ot true." As the Court of Appeals in this case recognized, this testimony by a police officer witness improperly vouched for the complainant's credibility and improperly commented on the defendant's guilt. See *People v Peterson*, 450 Mich 349, 369, 374 (1995) (affirming that "an expert may not give an opinion whether the complainant is being truthful or whether the defendant is guilty" and that "an

expert may not testify that the particular child victim's behavior is consistent with that of a sexually abused child"), amended 450 Mich 1212 (1995); *People v Musser*, 494 Mich 337, 349 (2013) (affirming that "it is improper for a witness or an expert to comment or provide an opinion on the credibility of another person while testifying at trial"); *People v Douglas*, 496 Mich 557, 583 (finding to be improper testimony by a forensic interviewer that she found that the complainant's " 'allegations had been substantiated' " and that there was no indication that the complainant " 'was coached or being untruthful' "). We can conceive of no strategic reason for defense counsel to fail to object to this improper testimony. See *Douglas*, 496 Mich at 586-587.

We further conclude that, but for this deficiency in defense counsel's performance, there is a reasonable probability that the outcome of the trial would have been different. See *Strickland v Washington*, 466 US 668, 693-694 (1984) (stating that "a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case" and that "[t]he result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome"); *People v Trakhtenberg*, 493 Mich 38, 42-43 (2012). With no third-party witnesses or physical evidence, this case came down to a credibility contest between defendant and the complainant. The prosecution's case, therefore, hinged heavily on whether the jury believed the complainant's version of events. On the facts of this case, and given the nature of the detective's testimony, there is a reasonable probability that the wrongful admission of the testimony affected the outcome of the trial. See *People v Anderson (After Remand)*, 446 Mich 392, 407 n 37 (1994) ("While credibility contests are not uncommon in criminal sexual conduct cases, the wrongful admission of corroborating testimony on either side could tip the scales and result in harmful error.") (quotation marks and citations omitted); *Musser*, 494 Mich at 358 (noting that statements "made by an investigating officer may be given undue weight by the jury where the determination of a defendant's guilt or innocence hinges on who the jury determines is more credible—the complainant or the defendant") (quotation marks and citation omitted); *Douglas*, 496 Mich at 581-583 (finding prejudice where there were no third-party witnesses or any physical evidence of the alleged abuse and the forensic interviewer's testimony added legitimacy to the complainant's testimony); *People v Tomasik*, 498 Mich 953 (2015). Accordingly, we VACATE the defendant's convictions and REMAND this case to the Monroe Circuit Court for further proceedings not inconsistent with this order.

ZAHRA, J. (*dissenting*).

I respectfully dissent from this Court's order reversing the judgment of the Court of Appeals. Unlike the cases cited in this Court's order, the improper testimony here was limited to a single witness, a police detective, whose statements bearing on the parties' credibility were sporadic and relatively minor in the context of the trial as a whole, which

lasted three days. The parties did not draw attention to the improper testimony at any other point during the trial, and the prosecution framed its closing arguments as a credibility contest between the victim and defendant and his family without mentioning the detective's improper testimony. For these reasons, I conclude defendant has failed to show that, but for his trial counsel's failure to object to the improper testimony, a different result would have been reasonably probable. See *People v Armstrong*, 490 Mich 281, 290 (2011). Accordingly, I would deny leave.

VIVIANO, J., joins the statement of ZAHRA, J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 28, 2021



t0525

Clerk