*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHARLES DALE PERRY, JR.,

        Plaintiff-Appellee,

v

STATE OF MICHIGAN,

        Defendant-Appellant.

UNPUBLISHED
June 3, 2021

No. 351469
Court of Claims
LC No. 2018-000096-MZ

Before: MARKEY, P.J., and SHAPIRO and GADOLA, JJ.

PER CURIAM.

Plaintiff,[1] Charles Dale Perry, Jr., sued defendant State of Michigan under the Wrongful Imprisonment Compensation Act (WICA), MCL 691.1751 *et seq*. Defendant appeals by leave granted[2] the Court of Claims' denial of its motion for summary disposition filed pursuant to MCR 2.116(C)(7). We reverse and remand for further proceedings consistent with this opinion.

## I. FACTS

In November 1990, a jury convicted plaintiff of four counts of first-degree criminal sexual conduct, MCL 750.520b, and one count of second-degree criminal sexual conduct, MCL 750.520c. *People v Perry*, unpublished per curiam opinion of the Court of Appeals, issued July 26, 1994 (Docket No. 136961), p 1. The trial court sentenced plaintiff as a second-offense habitual offender to serve six concurrent terms of 20 to 40 years' imprisonment. *Id*. at 2. Plaintiff appealed his convictions to this Court and requested remand to the trial court for a hearing under *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973). *Id*. Plaintiff also sought "a new trial on grounds

---

[1] To clarify, plaintiff was a "defendant" in the underlying criminal case. However, for this civil matter, our Court refers to him as "plaintiff" throughout this opinion, even when addressing his previous criminal proceedings.

[2] *Perry v Michigan*, unpublished order of the Court of Appeals, entered February 26, 2020 (Docket No. 351469).

of trial court error, newly discovered evidence, and ineffective assistance of counsel." *Id*. Our Court granted plaintiff's motion to remand. *Id*.

On remand, the trial court conducted an evidentiary hearing in which testimony was presented from several witnesses, including plaintiff and his trial counsel. *Id*. at 2-3. After hearing this testimony, the trial court denied plaintiff's motion for a new trial. *Id*. at 3. Plaintiff appealed that decision, as well as his jury convictions, arguing he was entitled to a new trial on the basis of prosecutorial misconduct, abuse of discretion by the trial court prior to the original trial, and ineffective assistance of counsel. *Id*. at 1-2. This Court analyzed several instances of misconduct and questionable tactics by the prosecutor in conjunction with plaintiff's claim of ineffective assistance of counsel. *Id*. at 3-8. The panel concluded as follows:

> [B]ecause the prosecutor's misconduct denied defendant his right to cross-examination and to a fair trial, and also because defense counsel committed prejudicial error in failing to object to the prosecutor's actions . . . and counsel's testimony at the <u>Ginther</u> hearing indicates that the failure to object was not trial strategy, [plaintiff] is entitled to a new trial.
>
> Because our disposition permits [plaintiff] to introduce on retrial those witnesses which may be of assistance to his defense, and also renders moot his remaining issues, we need not address them further. [*Id*. at 8 (citation omitted).]

At retrial, the jury found plaintiff not guilty of all charges.

In May 2018, plaintiff filed a complaint against defendant in the Court of Claims under the WICA, seeking compensation for the time he was imprisoned. In the complaint, plaintiff asserted that new evidence produced after his first trial resulted in his exoneration. Defendant challenged this assertion and moved for summary disposition under MCR 2.116(C)(7), arguing that plaintiff had failed to meet all the required elements for recovery under the WICA—specifically, that plaintiff had not shown that the new evidence presented on appeal "resulted in" his acquittal. The Court of Claims denied defendant's motion, ruling that "the appellate relief obtained by plaintiff in this case flowed from plaintiff's presentation of new evidence," and therefore the new evidence presented by plaintiff at his criminal appeal resulted in the reversal of his convictions. *Perry v Michigan*, unpublished opinion and order of the Court of Claims, issued October 21, 2019 (Docket No. 18-000096-MZ), p 11. Defendant now appeals to this Court.

## II. ANALYSIS

On appeal, defendant argues that the Court of Claims erred in finding new evidence presented in plaintiff's criminal appeal before this Court resulted in the reversal of his CSC convictions. Specifically, defendant contends that plaintiff was awarded a new trial based on prosecutorial error and ineffective assistance of counsel, and not the presentation of new evidence. We agree.

## A. STANDARD OF REVIEW

Our Supreme Court has stated that the grant or denial of summary disposition is reviewed "de novo to determine if the moving party is entitled to judgment as a matter of law." *Maiden v*

*Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). In this case, defendant sought summary disposition under MCR 2.116(C)(7), which is appropriate when an action is barred "because of release, payment, prior judgment, immunity granted by law, statute of limitations, statute of frauds, an agreement to arbitrate or to litigate in a different forum, infancy or other disability of the moving party, or assignment or other disposition of the claim before commencement of the action." Upon review of such a motion,

> this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them. If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact. If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court. [*Dextrom v Wexford Co*, 287 Mich App 406, 428-429; 789 NW2d 211 (2010).]

Dismissal is not appropriate if a factual question exists to the extent that additional factual development could lead to recovery. *Id*. at 429.

Also, "[t]his Court reviews de novo issues of statutory interpretation." *Ricks v Michigan*, 330 Mich App 277, 283; 948 NW2d 83 (2019). The goal of statutory interpretation is "to ascertain and give effect to the intent of the Legislature." *Id*. (Quotation marks and citation omitted). Unambiguous language is applied as written. *Ricks*, 330 Mich App at 283. "Undefined statutory terms must be given their plain and ordinary meanings, and it is proper to consult a dictionary for definitions." *Sullivan v Michigan*, 328 Mich App 74, 80-81; 935 NW2d 413 (2019) (quotation marks and citation omitted).

## B. WICA

Under the Michigan WICA, "[a]n individual convicted under the law of this state and subsequently imprisoned in a state correctional facility for 1 or more crimes that he or she did not commit may bring an action for compensation against this state in the court of claims as allowed by this act." MCL 691.1753. In relevant part, MCL 691.1755(1) sets forth the burden of proof for the WICA:

> (1) In an action under this act, the plaintiff is entitled to judgment in the plaintiff's favor if the plaintiff proves all of the following by clear and convincing evidence:
>
> (a) The plaintiff was convicted of 1 or more crimes under the law of this state, was sentenced to a term of imprisonment in a state correctional facility for the crime or crimes, and served at least part of the sentence.
>
> (b) The plaintiff's judgment of conviction was reversed or vacated and either the charges were dismissed or the plaintiff was determined on retrial to be not guilty. However, the plaintiff is not entitled to compensation under this act if the plaintiff was convicted of another criminal offense arising from the same

transaction and either that offense was not dismissed or the plaintiff was convicted of that offense on retrial.

(c) New evidence demonstrates that the plaintiff did not perpetrate the crime and was not an accomplice or accessory to the acts that were the basis of the conviction, results in the reversal or vacation of the charges in the judgment of conviction or a gubernatorial pardon, and results in either dismissal of all of the charges or a finding of not guilty on all of the charges on retrial.

In this case, plaintiff and defendant disagree over the application of subsection (c), and whether new evidence resulted[3] in this Court's reversal of plaintiff's convictions. As can be seen from the language of subsection (c), in order for plaintiff to recover under the WICA the new evidence must both "result in" reversal of his criminal conviction AND "result in" either dismissal of the charges or a finding of not guilty on retrial. The key inquiry for our purposes is whether the new evidence resulted in this Court's reversal or vacation of the criminal charges against plaintiff leading to a new trial.

Recently, our Court examined the context in which new evidence results in the reversal or vacation of criminal convictions. *Tomasik v Michigan*, 327 Mich App 660, 674-680; 935 NW2d 369 (2019). In *Tomasik*, the plaintiff was convicted of two counts of first-degree CSC against a minor. *Id*. at 663. On appeal to this Court, the plaintiff sought and was granted remand to the trial court for a *Ginther* hearing. *Id*. at 664. While awaiting the *Ginther* hearing, the plaintiff requested a new trial and disclosure of the minor's counseling records. *Id*. The trial court denied the plaintiff's motion for a new trial and disclosure of the minor's counseling records, and found that his trial counsel was not ineffective. *Id*. After remand, our Court affirmed the plaintiff's convictions and the trial court's decision regarding the minor's counseling records. *Id*. at 665.

However, the Supreme Court vacated this Court's judgment and remanded the plaintiff's case to the trial court, ordering it to release two documents to the plaintiff that were not disclosed to him during trial. *Id*. These two documents described the minor's dishonesty and deceitfulness, and served as the basis for the plaintiff's motion for a new trial during the second remand. *Id*. at 666. Ultimately, the trial court denied the plaintiff's request for a new trial, and this Court affirmed. *Id*. at 666-667.

The plaintiff then sought relief from our Supreme Court, which remanded the case to this Court to decide four issues, one of which involved the new evidence that addressed the minor's truthfulness. *Id*. at 667-668. Again, this Court affirmed the plaintiff's convictions, concluding that the trial court did not "abuse its discretion by denying plaintiff's motion for a new trial based on newly discovered impeachment evidence." *Id*. at 668 (quotation marks and citation omitted).

---

[3] As a verb, result is defined as "to proceed or arise as a consequence, effect, or conclusion." *Merriam-Webster's Collegiate Dictionary* (11th ed).

The plaintiff again appealed and our Supreme Court reversed in part the ruling of this Court,[4] remanding the matter to the trial court for a new trial, stating:

> The trial court abused its discretion by admitting the recording of defendant's interrogation. Because nothing of any relevance was said during the interrogation, it was simply not relevant evidence, and thus was not admissible evidence. The admission of this evidence amounted to plain error that affected the defendant's substantial rights and seriously affected the fairness, integrity or public reputation of judicial proceedings. In a trial in which the evidence essentially presents a "one-on-one" credibility contest between the complainant and the defendant, the prosecutor cannot improperly introduce statements from the investigating detective that vouch for the veracity of the complainant and indicate that the detective believes the defendant to be guilty. On retrial, if the parties seek to admit expert testimony, the trial court shall conduct a *Daubert* [*v Merrell Dow Pharmaceuticals, Inc*, 509 US 579; 113 S Ct 2786; 125 L Ed 2d 469 (1993)] hearing to ensure that the proposed testimony is both relevant and reliable as is required under MRE 702. In light of this disposition, we decline to address the other issues presented in our order granting leave to appeal. [*People v Tomasik*, 498 Mich 953, 953 (2015) (citations omitted).]

After remand to the trial court, the plaintiff was acquitted of all charges. *Tomasik*, 327 Mich App at 671.

Subsequently, the plaintiff filed a claim under the WICA seeking compensation for his imprisonment. *Id*. Similar to the present matter, the defendant State of Michigan filed a motion for summary disposition under MCR 2.116(C)(7). *Id*. The Court of Claims awarded summary disposition to the defendant, stating that "our Supreme Court granted plaintiff a new trial on grounds other than new evidence." *Id*. On appeal to this Court, the plaintiff argued, among other things, that he met the threshold requirement of showing that his acquittal resulted from new evidence as required under MCL 691.1755(1)(c). *Id*. at 678.

As part of its plain language analysis, this Court broke down subsection (c), stating that the WICA requires a plaintiff to prove that "[n]ew evidence":

• demonstrates that the plaintiff did not perpetrate the crime and was not an accomplice or accessory to the acts that were the basis of the conviction,

• results in the reversal or vacation of the charges in the judgment of conviction or a gubernatorial pardon, and

---

[4] *People v Tomasik (On Second Remand)*, unpublished per curiam opinion of the Court of Appeals, issued April 22, 2014 (Docket No. 279161), rev'd in part 498 Mich 953 (2015).

• results in either dismissal of all of the charges or a finding of not guilty on all of the charges on retrial. [*Id*. at 674-675, citing MCL 691.1755(1)(c) (quotation marks omitted).]

Our Court held that as an exonerated individual, the plaintiff could not show that our Supreme Court reversed his convictions on the basis of new evidence. *Tomasik*, 327 Mich App at 682. This Court reasoned that the Supreme Court's order granting the plaintiff a new trial specifically referenced two evidentiary issues as cause to vacate the plaintiff's convictions. *Id*. at 679-680. In addition, this Court noted the following statement in the Supreme Court's reversal order: "[w]e decline to address the other issues presented in our order granting leave to appeal." *Id*. at 680, citing *Tomasik*, 498 Mich at 953. This Court further reasoned that the lack of reference to the newly discovered evidence, coupled with the Court's statement not to "address the other issues presented," compelled the conclusion that the "[p]laintiff simply cannot prove—let alone by clear and convincing evidence—that new evidence resulted in the reversal of his convictions." *Tomasik*, 327 Mich App at 680.

In this case, we turn to this Court's opinion granting a new trial, the parties' arguments on appeal, and the Court of Claims' decision. Plaintiff "raise[d] issues of prosecutorial misconduct, abuse of discretion by the trial court, and ineffective assistance of counsel" in his criminal appeal. *Perry*, unpub op at 1. Following the *Ginther* hearing, this Court reversed and remanded for a new trial based on several instances of prosecutorial misconduct and the related ineffective assistance of counsel claim. *Id*. at 8. Specifically, our opinion noted plaintiff's claim of ineffective assistance of counsel, stating that a new trial was warranted "because defense counsel committed prejudicial error in failing to object to the prosecutor's actions." *Id*. The only mention of new evidence in this Court's opinion was divorced from the Court's legal holding, being merely a statement of fact that plaintiff could seek to present his new evidence on retrial. In fact, this Court explicitly declined to address the new evidence issue, along with plaintiff's other non-dispositive claims, as follows: "[B]ecause our disposition permits [plaintiff] to introduce on retrial those witnesses which may be of assistance to his defense, and also renders moot his remaining issues, we need not address them further." [*Perry, supra*, at 8 (citation omitted).]

Yet plaintiff contends that the ineffective assistance of counsel claim and the newly discovered evidence cannot be separated, and therefore this Court's opinion was, in effect, the same as stating that the reversal of his convictions was the result of the new evidence. Plaintiff divines that this Court's reversal on the stated basis of ineffective assistance linked to prosecutorial misconduct was actually based on plaintiff's claim related to newly discovered evidence, despite the fact this Court explicitly declined to address the new evidence claim.

Contrary to plaintiff's assertion, this Court's opinion only resolved one claim. As noted, we stated that reversal of plaintiff's convictions was warranted because "defense counsel committed prejudicial error in failing to object to the prosecutor's actions." *Perry*, unpub op at 8. In other words, we found ineffective assistance of counsel solely on plaintiff's assertion that trial counsel failed to object to instances of prosecutorial misconduct. This was supported by a detailed analysis in which this Court considered at length numerous examples of alleged prosecutorial misconduct in conjunction with the fact that plaintiff's trial counsel did not object to any of these

instances. *Id*. at 3-8. Absent from the analysis is any consideration by this Court as to whether trial counsel was ineffective because of his failure to call exculpatory witnesses.[5]

A plaintiff must prove by clear and convincing evidence that the grant of a new trial resulted from the presentation of new evidence. MCL 691.1755(1)(c). Clear and convincing evidence

> produce[s] in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable [the factfinder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue. . . . Evidence may be uncontroverted, and yet not be 'clear and convincing.' . . . Conversely, evidence may be 'clear and convincing' despite the fact that it has been contradicted. [*Kefgen v Davidson*, 241 Mich App 611, 625; 617 NW2d 351 (2000) (quotation marks and citations omitted).]

This Court's decision not to address the new evidence in its analysis of the criminal appeal is fatal to the requirement that plaintiff show evidence "so clear, direct, and weighty" that the new evidence "result[ed] in the reversal or vacation of the charges." MCL 691.1755(1)(c). The only proof plaintiff has to that effect is our Court's statement that its decision will "permit[] [plaintiff] to introduce on retrial those witnesses which may be of assistance to his defense." *Perry*, unpub op at 8. This statement, being no part of the Court's holding, simply is not enough to overcome the clear and convincing standard required by the WICA.

Furthermore, we disagree that a court's analysis of subsection (c) should include prior appeals and arguments. The "critical phase" for determining a plaintiff's recovery under the WICA is the stage in which the criminal conviction is reversed. *Tomasik*, 327 Mich App at 679. In other words, the proceeding in which a court determines that a plaintiff's presentation of new evidence results in the reversal of a plaintiff's conviction is the "critical phase." *Id*. Here, the "critical phase" occurred on plaintiff's second appeal to this Court, when we reversed plaintiff's convictions and granted him a new trial. In that instance, our review of plaintiff's new evidence did not "result in" reversal of plaintiff's convictions. To the contrary, as this Court's opinion in

---

[5] In its detailed opinion in this case the Court of Claims asserted that "unlike in *Tomasik*, the new evidence cited by plaintiff in the instant case played a prominent role in the Court of Appeals' decision to grant relief. Indeed, the panel in plaintiff's underlying criminal matter extensively detailed the new evidence presented at the *Ginther* hearing, and it noted in its remand order that the same 'may be of assistance' to plaintiff's defense on retrial." *Perry*, unpub op and order at 11. Quite to the contrary, the panel that reversed plaintiff's conviction and remanded for a new trial devoted all of three sentences of its nine-page opinion to its description of plaintiff's new evidence, merely speculating in conclusion that the witnesses "may be of assistance" to plaintiff on retrial. *Perry*, unpub op at 2, 8.

plaintiff's criminal case makes crystal clear, his new trial resulted solely from his ineffective assistance claim.[6]

Our application of the WICA to the facts in this case is bolstered by the concurring statement of Chief Justice McCormack in the order denying Tomasik's application for leave to appeal to the Michigan Supreme Court, in which she stated, in relevant part:

> While I tend to agree with the Court of Appeals that the statutory language does not entitle this plaintiff to compensation, I question whether this result is consistent with the Legislature's intent. In enacting the WICA, the Legislature intended wrongly incarcerated individuals to seek compensation when their convictions are voided and they are exonerated of all charges on the basis of new evidence. If the sole basis for plaintiff's claims was that he is entitled to compensation because of the trial court's evidentiary error, I would agree that the Legislature did not intend to provide for compensation under such circumstances.
>
> But here, there's more: as noted, the plaintiff sought relief based on the evidentiary error *and* new evidence. Had he brought only the new-evidence questions to this Court, and not the other trial errors, he'd likely be eligible for WICA compensation. Yet because his trial was unfair for reasons in addition to that it did not include the new evidence, he's out of luck? Under these unique circumstances, I encourage the Legislature to consider whether it intended to exclude individuals such as the plaintiff—call them "new evidence plus-ers"—from the WICA. [*Tomasik v State*, 505 Mich 956, 956 (2020) (MCCORMACK, C.J., concurring).]

In concurring in the denial of the application for leave to appeal in *Tomasik*, Chief Justice McCormack faithfully applied the text of the statute to the facts of the plaintiff's case. And while she considered the result unfair to plaintiff in that case, as it might well have been, she felt

---

[6] The Court of Claims also relied upon the fact that plaintiff raised the new evidence claim in his motion to remand for a *Ginther* hearing, asserting that "the *Ginther* hearing was granted, according to the Court of Appeals' remand order, at least in part based on plaintiff's new evidence. Therefore, the new evidence was a but-for cause of the relief plaintiff ultimately obtained." *Perry*, unpub op and order at 12. This is pure speculation and contrary to what this Court ultimately said in reversing plaintiff's conviction. Plaintiff raised nine separate claims of error in his motion to remand. In granting plaintiff's motion this Court remanded so that plaintiff might bring a motion for new trial and directed the trial court "to hold an evidentiary hearing on the allegations made" in such a motion. *People v Perry*, unpublished order of the Court of Appeals, entered November 7, 1991 (Docket No. 136961). This Court's one-page remand order made no direct mention of the new evidence claim and certainly did not pass upon its validity. But most critically, the remand order that the Court of Claims cites as the linchpin of its conclusion that the reversal of plaintiff's conviction "resulted from" new evidence, in fact did nothing of the sort. It merely remanded the case for purposes of an evidentiary hearing. The reversal of plaintiff's conviction came *after* remand, in an opinion and order in which this Court declined to address plaintiff's new evidence claim.

constrained to conclude that because the reversal of the *Tomasik* plaintiff's criminal conviction did not result from his claims related to new evidence, but instead resulted from other evidentiary error, the plaintiff was not entitled to relief under the WICA. The facts and the law are identical in this case and compel the exact same conclusion. This panel's decision comports with the plain language of the WICA, and we too encourage the Legislature to consider rectifying what appears to be an unfair result to plaintiff in this case.

In sum, the Court of Claims erred when it denied defendant's motion for summary disposition. This Court's reversal of plaintiff's criminal convictions was on the basis of prosecutorial misconduct and defense counsel's failure to object to such misconduct at trial—two assertions that were clearly expressed in our 1994 opinion reversing plaintiff's criminal convictions. *Perry*, unpub op at 8. Because reversal of plaintiff's criminal convictions was not the result of new evidence, plaintiff is barred from recovery under the WICA. Accordingly, we reverse the Court of Claims' denial of defendant's motion for summary disposition and remand this matter for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ Michael F. Gadola