*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 31, 2022

Plaintiff-Appellee,

v

No. 349918
Wayne Circuit Court
LC No. 18-007516-01-FC

JOSHUA LEE DUFEK,

Defendant-Appellant.

ON REMAND

Before: MURRAY, P.J., and JANSEN and STEPHENS, JJ.

PER CURIAM.

## I. INTRODUCTION

This matter returns to us on remand from the Supreme Court. In its remand order, that Court vacated part VII of this Court's prior opinion, see *People v Dufek*, unpublished per curiam opinion of the Court of Appeals, issued June 10, 2021 (Dkt No. 349918), pp 22-25, which addressed defendant's arguments regarding ineffective assistance of counsel. *People v Dufek*, __ Mich __; __ NW2d __ (2022). That portion of the opinion was vacated because, although this Court cited the correct standard for assessing prejudice when counsel's performance fell below the standard of reasonableness, the Court did not apply that standard in its analysis:

> Although the Court of Appeals cited the correct standard for assessing prejudice under *Strickland v Washington*, 466 US 668 (1984), it failed to apply that standard. The defendant was not required to show that, but for counsel's deficient performance, the result of the proceedings would have been different, or that prosecutorial error denied him a fair and impartial trial. Rather, prejudice is established where a defendant shows that "but for counsel's deficient performance, there is a *reasonable probability* that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51 (2012) (emphasis added). On remand, the Court of Appeals shall resolve the defendant's claims of ineffective assistance of counsel under this standard. [*People v Dufek*, __ Mich at __.]

-1-

We now re-address defendant's ineffective assistance of counsel arguments using the fully articulated "reasonable probability" standard for establishing prejudice.[1] Although the Supreme Court only had concern for the standard applied in determining prejudice on two occasions, we repeat our analysis on the legal challenges to trial counsel's performance to provide context to the prejudice analysis. We again affirm.

## II. ANALYSIS

To preserve an ineffective assistance of counsel argument, the defendant must move for a new trial or request an evidentiary hearing. *People v Head*, 323 Mich App 526, 538-539; 917 NW2d 752 (2018). Defendant failed to file a motion for a new trial or request an evidentiary hearing in the trial court; however, he filed a motion to remand with this Court under MCR 7.211(C). This motion and a subsequent one were denied. Because defendant's motions to remand were denied and no evidentiary hearing was held in the trial court, defendant's ineffective assistance of counsel argument is limited to review for errors apparent on the record. *Head*, 323 Mich App at 539. "Whether a defendant was deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law. Any findings of fact are reviewed for clear error, while the legal questions are reviewed de novo." *Id*. (citations omitted).

To establish ineffective assistance of counsel, the defendant must show "(1) counsel rendered assistance that 'fell below an objective standard of reasonableness' under prevailing professional norms and (2) that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[.]' " *People v Muhammad*, 326 Mich App 40, 63; 931 NW2d 20 (2018) (citation omitted, brackets original). " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Id*. (citation omitted). The defendant bears the burden to demonstrate deficient performance and prejudice; thus, the defendant bears the burden of establishing the factual predicate for his ineffective assistance of counsel argument. *Id*. "Decisions regarding what evidence to present . . . are presumed to be matters of trial strategy, and this Court will not substitute its judgment for that of counsel regarding matters of trial strategy." *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002). There is a strong presumption that the assistance of counsel constitutes sound trial strategy, which the defendant must overcome. *Id*.

## A. OTHER-ACTS EVIDENCE

As we concluded in our original opinion, defense counsel opened the door to the admission of other-acts evidence when she asked Trisha Sweet on cross-examination whether she had ever heard from any other third parties that defendant had molested any girls, including AD. *People v Dufek*, unpublished op at pp 2-5. Defendant argues that had defense counsel properly investigated this case, she would not have asked Sweet this question, and the admission of the other-acts evidence was highly prejudicial to defendant.

---

[1] We granted defendant's motion to file a supplemental brief. The "supplemental" brief is 40 pages, while in his principal brief defendant's argument on ineffective assistance of counsel comprised a mere 8 pages. The people also filed a supplemental brief, comprised of 34 pages.

A failure to conduct a reasonable investigation can amount to ineffective assistance. *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). "When making a claim of defense counsel's unpreparedness, a defendant is required to show prejudice resulting from this alleged lack of preparation." *People v Caballero*, 184 Mich App 636, 640; 459 NW2d 80 (1990). Defendant has failed to meet this burden. Although Sweet answered defense counsel's question by saying that she had heard a third party claim that defendant molested another girl, and on redirect the prosecutor asked Sweet who she heard this from, and whether the alleged victim was a minor, the prosecutor also stated that she would not use this information in closing argument, and she did not. Defense counsel also tried to rephrase the question or withdraw it, but the trial court directed Sweet to answer once it was made clear that she had heard and understood the question.

Nonetheless, defendant is unable to demonstrate that there is a reasonable probability that, but for defense counsel's error in opening the door, the result of the proceedings would have been different. *Muhammad*, 326 Mich App at 63. AD testified that defendant sexually assaulted her, and this testimony was sufficient to convict defendant. *People v Gursky*, 486 Mich 596, 623; 786 NW2d 579 (2010). Had defense counsel moved for a mistrial or a curative instruction, she most likely would have been denied for having opened the door to the other-acts evidence, and such requests would have been futile. *People v Whetstone*, 119 Mich App 546, 554; 326 NW2d 552 (1982); *People v McMaster*, 154 Mich App 564, 570; 398 NW2d 469 (1986). Therefore, defendant has failed to establish ineffective assistance of counsel with regard to the admission of the other-acts evidence.

## B. INTERROGATION VIDEO

Defendant also argues that defense counsel was ineffective because she stipulated to the admission of the interrogation video, wherein Munson allegedly improperly bolstered AD's credibility and suggested that defendant was guilty, and introduced defendant's statement that AD had never lied about anything of this nature before.

Defendant relies on *People v Tomasik*, 498 Mich 953, 953; 872 NW2d 488 (2015), where the Supreme Court reversed in part the opinion of this Court, and remanded to the circuit court for a new trial, providing:

> The trial court abused its discretion by admitting the recording of the defendant's interrogation. Because nothing of any relevance was said during the interrogation, it was simply not relevant evidence, and thus was not admissible evidence. See MRE 401. The admission of this evidence amounted to plain error that affected the defendant's substantial rights and seriously affected the fairness, integrity or public reputation of judicial proceedings. In a trial in which the evidence essentially presents a 'one-on-one' credibility contest between the complainant and the defendant, the prosecutor cannot improperly introduce statements from the investigating detective that vouch for the veracity of the complainant and indicate that the detective believes the defendant to be guilty. [*Id.* (citations omitted).]

In the interrogation video in *Tomasik*, the detective had said that she " 'investigated the heck out of the case and knows everything that has gone on' and that she 'kn[e]w things happen[ed] when

[the victim] came over to your house years ago.' " *People v Tomasik*, unpublished per curiam opinion of the Court of Appeals, issued January 26, 2010 (Docket No. 279161), pp 6-7, vacated 488 Mich 1053 (2011).

Here, the interrogation video contained relevant evidence, and Munson's statements did not vouch for AD's credibility. Munson engaged in interrogation tactics when he said that he had AD's medical records, but no further discussion ensued. Munson explained to defendant how DNA evidence works, and asked defendant if he would be concerned if a DNA sample was taken and compared to other evidence, and defendant said that he was not concerned. Munson asked defendant to be honest, and said "*if* anything happened" to consider AD because such proceedings would be hard for her, and she would be "dragged through the coals." Thus, Munson did not express any sentiment that he thought that defendant was guilty. Munson asked if AD had ever lied before, to which defendant responded, "Not of this nature." This does not amount to vouching for AD's credibility. Lastly, when defendant said that Mullins would always get him if one of the children had a nightmare because Mullins would hear the child first and defendant was a heavy sleeper, Munson found it "hard to believe" because he would expect a little girl of AD's age to call for her father when waking up from a nightmare. The statements made by Munson are distinguishable from those made in *Tomasik* because they did not constitute a conclusion or opinion as to defendant's guilt or the amount of evidence amassed against defendant. As such, defendant has failed to establish ineffective assistance of counsel by defense counsel's stipulation to admit the video into evidence.

Additionally, defendant argues that the admission of the interrogation video prejudiced him because it introduced his statement that AD had not lied about anything serious before, and this was irrelevant to whether AD was lying about these allegations. "Decisions regarding what evidence to present . . . are presumed to be matters of trial strategy." *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999). "This Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight." *Id*. at 76-77. Although the prosecutor relied on defendant's statement that AD had never lied about anything of this nature before, defense counsel's decision to stipulate to admission of the interrogation video is a matter of trial strategy that will not be substituted by this Court. *Id*. Moreover, defendant was advised of his *Miranda* warnings[2] during the interrogation, waived them, and voluntarily chose to speak to Munson. Thus, any objection by defense counsel to the admission of the video would have been futile. See *People v Thomas*, 260 Mich App 450, 457; 678 NW2d 631 (2004) ("Counsel is not ineffective for failing to make a futile objection.").

## C. KIDS TALK TAPE

Next, defendant argues that defense counsel was ineffective for failing to play the Kids Talk tape, which allegedly contained impeachment material to be used with AD.

Trial counsel's decisions regarding what evidence to present are a matter of trial strategy. *Rockey*, 237 Mich App at 76. AD testified at trial that she was seven years old when she lived with defendant and the sexual assaults occurred, and that she was not in diapers at the time.

---

[2] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

Assuming, arguendo, that the Kids Talk tape would have established an inconsistency in AD's testimony, defendant cannot establish that there is a reasonable probability that, but for defense counsel's failure to play the video, the results of the proceedings would have been different. *Muhammad*, 326 Mich App at 63. Defendant stated in the interrogation video that AD stopped wearing diapers at the normal time, but he did not know when because it was at a time when AD was living with Sweet, and defendant did not see AD often. Defendant said that AD had no problems with bed wetting after she was out of diapers, and never recalled any wet spots on AD's bed. AD testified that there was a wet spot on her bed only after the times that defendant penetrated her with his penis, not his fingers. Defendant was only convicted of the two counts of first-degree CSC for digital penetration; the jury was hung on the two counts of first-degree CSC for penetration with his penis, which were later dismissed. Thus, defendant cannot demonstrate that he was prejudiced by defense counsel's failure to play the Kids Talk tape in an attempt to impeach AD. *Id*.

## D. PROSECUTORIAL ERROR

In section IV of our prior opinion, which was not vacated by the Supreme Court, we rejected defendant's argument that defense counsel was constitutionally ineffective when she failed to object to the numerous instances of alleged prosecutorial error. And, only one of the alleged instances of prosecutorial error concerned improper "bolstering" of AD's credibility— when the prosecutor misquoted defendant. We conclude that none of the alleged instances of prosecutorial error—all of which were previously rejected by the Court and left alone by the Supreme Court—when considered alone or together, resulted in prejudice to defendant. In other words, considering these alleged instances of prosecutorial error together does not result in a conclusion that but for these instances of alleged prosecutorial error, there was a reasonable probability that the result of the proceeding would have been different. The victim's testimony alone is sufficient to support the conviction, MCL 750.520h, and the other remaining evidence establishes that defendant was not prejudiced.

## E. FAILURE TO LIST BOARD AS WITNESS

Defendant next argues that defense counsel was ineffective for failing to list Board on the witness list, which precluded defense counsel from calling Board to testify. Defendant asserts that this prejudiced defendant because Board could have testified regarding AD's attitude and relationship with defendant in 2017, and that defense counsel should have moved for a mistrial once the court barred Board from testifying.

Defense counsel admitted that she inadvertently left Board off the witness list. However, defendant cannot prove that but for this error, there was a reasonable probability that the result of the proceedings would have been different. *Muhammad*, 326 Mich App at 63. Defendant relies on an affidavit of Board, attached as an exhibit to his brief on appeal. This affidavit was not part of the lower court record, so it cannot be considered on appeal. See *People v Seals*, 285 Mich App 1, 20-21; 776 NW2d 314 (2009) (affidavits attached to appellate brief were not part of the lower court record and could not be considered on appeal). Regardless, any testimony offered by Board as to the love and relationship between AD and defendant would have been cumulative to the

testimony provided by the defense's other witnesses. Mullins and defendant testified that defendant and AD had a loving relationship, and AD testified that she had a loving relationship with defendant. Had defense counsel moved for a mistrial after the trial court ruled that Board could not testify, it would have been futile because it was the error of defense counsel to leave Board off the witness list and the evidence was cumulative. *Whetstone*, 119 Mich App at 554; *McMaster*, 154 Mich App at 570. Therefore, defendant cannot establish ineffective assistance of counsel in this regard.

## F. CUMULATIVE EFFECT

Lastly, defendant argues that each of the above-listed errors made by defense counsel were serious enough standing alone to constitute ineffective assistance, but in the alternative, the cumulative effect of the errors deprived him of a fair trial. However, this Court only aggregates actual errors when determining whether the cumulative effect of errors warrants a new trial. *People v LeBlanc*, 465 Mich 575, 591 n 12; 640 NW2d 246 (2002). The only actual errors that defense counsel made were opening the door to other-acts evidence and her failure to list Board as a witness. However, these do not rise to the level of ineffective assistance of counsel, nor did any of the other claimed instances of ineffective assistance. Thus, in terms of ineffective assistance, there is no cumulative effect that would warrant a new trial. *Id*.

Affirmed.

/s/ Christopher M. Murray
/s/ Kathleen Jansen
/s/ Cynthia Diane Stephens